RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0218-16T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

AARON D. MCMORRIS,

 Defendant-Appellant.
________________________________________________

 Submitted October 17, 2017 – Decided November 27, 2017

 Before Judges Yannotti and Leone.

 On appeal from Superior Court of New Jersey,
 Law Division, Bergen County, Indictment No.
 10-06-1037.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Charles H. Landesman,
 Designated Counsel, on the brief).

 Gurbir S. Grewal, Bergen County Prosecutor,
 attorney for respondent (Annmarie Cozzi,
 Senior Assistant Prosecutor, of counsel and
 on the brief).

PER CURIAM
 Defendant Aaron D. McMorris appeals from an order entered by

the Law Division on August 11, 2016, which denied his petition for

post-conviction relief (PCR). We affirm.

 I.

 Defendant was charged with first-degree aggravated sexual

assault, N.J.S.A. 2C:14-2(a)(1) (count one); second-degree sexual

assault, N.J.S.A. 2C:14-2(b) (count two); and third-degree

endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (count

three). On August 25, 2011, defendant pled guilty to count two,

which was amended to charge fourth-degree criminal sexual contact,

N.J.S.A. 2C:14-3(b). Defendant had been incarcerated for eighteen

months, and the State agreed to recommend a custodial sentence of

time served. Defendant agreed the judgment of conviction would

include a provision barring him from any contact with the victim.

 At the plea hearing, defendant provided a factual basis for

his plea. Defendant stated that on one occasion between December

24, 2009, and January 3, 2010, he was in an apartment in Hackensack

with C.C. and three other females. Defendant said he touched C.C.'s

buttocks and did so for his own sexual gratification. Defendant

stated that at the time, C.C. was twelve years old, and he was

eighteen years old.

 The judge later sentenced defendant to time served, ordered

defendant to comply with Megan's Law, N.J.S.A. 2C:7-1 to -23, and

 2 A-0218-16T1
ordered defendant to have no contact with the victim. The judge

dismissed counts one and three of the indictment, required

defendant to pay restitution in the amount of $2475, and imposed

other fees and penalties. Defendant did not appeal from the

judgment of conviction dated October 18, 2011.

 On July 29, 2015, defendant filed a pro se PCR petition. The

PCR court appointed counsel to represent defendant, and counsel

filed a brief in support of the petition. Defendant alleged he did

not provide an adequate factual basis for the plea. He also alleged

that he had been denied the effective assistance of counsel because

his attorney: failed to conduct an adequate investigation; allowed

him to enter a plea that was not knowing and voluntary; and failed

to assert an intoxication defense. He requested an evidentiary

hearing on his petition.

 The PCR court considered the petition on August 11, 2016.

After hearing oral argument, the judge placed an oral decision on

the record. The judge found that Rule 3:22-4 precluded defendant

from challenging the factual basis for his plea because he could

have but did not raise that issue on direct appeal. The judge

further found that if defendant is not procedurally barred from

raising the issue, he provided an adequate factual basis for the

plea to fourth-degree criminal sexual contact. The judge also

found that defendant had not presented a prima facie case of

 3 A-0218-16T1
ineffective assistance of counsel; therefore, he was not entitled

to an evidentiary hearing. The judge entered an order dated August

11, 2016, denying PCR. This appeal followed.

 On appeal, defendant raises the following arguments: (1) the

plea should be set aside because he did not provide an adequate

factual basis for the plea; (2) he was denied the effective

assistance of counsel because his trial attorney did not conduct

an adequate investigation before he entered the plea; and (3) he

was entitled to an evidentiary hearing on the petition.

 II.

 Defendant first argues that he should be permitted to withdraw

his plea. He concedes that he did not file a motion in the trial

court to withdraw the plea or file a direct appeal from the

judgment of conviction entered in this matter. Defendant

nevertheless argues that this court should set aside the plea by

applying Rule 2:10-2, which states that on appeal, the court may

disregard "[a]ny error or omission" unless shown to be "of such a

nature as to have been clearly capable of producing an unjust

result." The rule further provides that the court "may, in the

interests of justice, notice plain error not brought to the

attention of the trial or appellate court." Ibid.

 4 A-0218-16T1
 We are convinced, however, that the PCR court correctly

determined that defendant's claim regarding the adequacy of his

plea is barred by Rule 3:22-4, which states:

 (a) First Petition for Post-Conviction Relief.
 Any ground for relief not raised in the
 proceedings resulting in the conviction, or
 in a post-conviction proceeding brought and
 decided prior to the adoption of this rule,
 or in any appeal taken in any such proceedings
 is barred from assertion in a proceeding under
 this rule unless the court on motion or at the
 hearing finds:

 (1) that the ground for relief not previously
 asserted could not reasonably have been raised
 in any prior proceeding; or

 (2) that enforcement of the bar to preclude
 claims, including one for ineffective
 assistance of counsel, would result in
 fundamental injustice; or

 (3) that denial of relief would be contrary
 to a new rule of constitutional law under
 either the Constitution of the United States
 or the State of New Jersey.

The rule further provides that "[a] ground could not reasonably

have been raised in a prior proceeding only if defendant shows

that the factual predicate for that ground could not have been

discovered earlier through the exercise of reasonable diligence."

Ibid.

 Here, defendant has long been aware of all of the information

necessary to file a motion to withdraw the plea. Indeed, the facts

upon which such a motion could be brought are based on the record

 5 A-0218-16T1
established when defendant entered his plea. Moreover, enforcement

of the procedural bar would not result in a fundamental injustice.

As the PCR court found, defendant provided an adequate factual

basis for his plea.

 As noted, defendant pled guilty to an amended charge of

fourth-degree criminal sexual contact. Under N.J.S.A. 2C:14-3(b),

a person is guilty of this offense "if he commits an act of sexual

contact with the victim" under any of the circumstances set forth

in N.J.S.A. 2C:14-2(c)(1) to (4).1 One of those circumstances is

that "[t]he actor uses physical force or coercion, but the victim

does not sustain severe personal injury." N.J.S.A. 2C:14-2(c)(1).

 We have held that in determining whether an individual has

committed the offense of criminal sexual contact, the non-

consensual touching of the victim by the actor is sufficient to

establish the use of physical force. State v. Triestman, 416 N.J.

Super. 195, 220 (App. Div. 2010) (citing State in Interest of

M.T.S., 129 N.J. 422, 443 (1992)). Therefore, the PCR court

correctly found that defendant provided an adequate factual basis

for fourth-degree criminal sexual contact, contrary to N.J.S.A.

2C:14-3(b).

1
 The latter statute provides that a person is guilty of "sexual
assault if he commits an act of sexual penetration with another
person" under any of the circumstances set forth in N.J.S.A. 2C:14-
2(c)(1) to (4). Ibid.

 6 A-0218-16T1
 III.

 Defendant next argues that the PCR court erred by finding he

did not present a prima facie case of ineffective assistance of

counsel. He also argues that the court should have conducted an

evidentiary hearing on his petition. Again, we disagree.

 To succeed on his PCR claim of ineffective assistance of

counsel, a defendant must meet the test established by Strickland

v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063, 80 L. Ed.

2d 674, 692 (1984), and adopted by our Supreme Court in State v.

Fritz, 105 N.J. 42, 58 (1987). Under Strickland, the defendant

must show that counsel's performance was deficient and, if so,

there was a "reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have

been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068,

80 L. Ed. 2d 698.

 Where, as here, the defendant claims he was denied the

effective assistance of counsel with regard to a guilty plea, the

defendant must establish that counsel's performance was not

"within the range of competence demanded of attorneys in criminal

cases." State v. DiFrisco, 137 N.J. 434, 457 (1994) (quoting

Tollett v. Henderson, 411 U.S. 258, 266, 93 S. Ct. 1602, 1608, 36

L. Ed. 2d 235, 243 (1973)). The defendant also must show "there

is a reasonable probability that, but for counsel's errors, [the

 7 A-0218-16T1
defendant] would not have pled guilty and would have insisted on

going to trial." Id. at 457 (quoting Hill v. Lockhart, 474 U.S.

52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203, 210 (1985)).

 Defendant claims his attorney was deficient because he failed

to obtain complete discovery before defendant entered his plea.

He cites an undated letter he allegedly wrote to his attorney, in

which he noted that the discovery he had reviewed did not include

the minutes of the grand jury, reports of mental and physical

evaluations, or a report on the line-up identification. According

to defendant, his attorney failed to undertake a full and complete

investigation of the matter before he entered his plea.

 The PCR court noted that defendant's attorney reviewed the

discovery materials with defendant and, even if counsel has not

obtained the grand jury minutes, defendant had not shown that he

would have rejected the plea offer and proceeded to trial if

counsel had obtained the minutes. Likewise, defendant failed to

show that any of the other information he believes counsel should

have obtained would have supported his defense, or led him to

reject the plea and go to trial.

 Furthermore, as we noted previously, defendant was charged

with first-degree aggravated sexual assault, N.J.S.A. 2C:14-

2(a)(1), and other charges. On the first-degree charge, defendant

faced a potential sentence of twenty-five years to life

 8 A-0218-16T1
imprisonment, with a twenty-five-year period of parole

ineligibility. N.J.S.A. 2C:14-2(a).

 Defendant's attorney negotiated a favorable plea agreement,

which allowed defendant to plead guilty to an amended charge of

fourth-degree criminal sexual contact, provided for a custodial

sentence of time served, and resulted in the dismissal of the

other charges. At the plea hearing, defendant stated that he

understood he was waiving his right to trial, his right to cross-

examine and confront witnesses, and his right to have the State

prove the charges beyond a reasonable doubt. He elected to waive

those rights and enter his plea.

 Defendant has not shown that but for his attorney's allegedly

deficient investigation, he would not have pled guilty and would

have elected to proceed to trial. He also has not shown that

counsel was deficient in permitting defendant to enter his plea.

The record shows that defendant entered his plea knowingly and

voluntarily. We therefore conclude that the record supports the

PCR court's determination that defendant failed to establish a

prima facie case of ineffective assistance of counsel.

 We also conclude that the PCR court correctly found that an

evidentiary hearing was not required on the petition. As noted,

defendant failed to establish a prima facie case for PCR. Moreover,

 9 A-0218-16T1
the existing record was sufficient to resolve defendant's claims.

R. 3:22-10(b); State v. Porter, 216 N.J. 343, 354-55 (2013).

 Affirmed.

 10 A-0218-16T1